[Cite as *Alvarez v. Alvarez*, 2016-Ohio-3432.]

STATE OF OHIO        )                IN THE COURT OF APPEALS
                         )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

CATHERINE L. ALVAREZ                 C.A. No.       27821

      Appellee

      v.                                     APPEAL FROM JUDGMENT
                                         ENTERED IN THE
OSCAR C. ALVAREZ                    COURT OF COMMON PLEAS
                                         COUNTY OF SUMMIT, OHIO
      Appellant                          CASE No.      2007-04-1429

DECISION AND JOURNAL ENTRY

Dated: June 15, 2016

---

WHITMORE, Presiding Judge.

{¶1} Appellant Oscar Alvarez ("Husband") appeals from orders of the Summit County Domestic Relations Court ruling on post-decree motions filed by Husband and Appellee Catherine Alvarez ("Wife"). This Court affirms in part and reverses in part.

I

{¶2} The parties' 30-year marriage ended in divorce pursuant to an uncontested divorce decree entered by the domestic relations court in February 2009. The parties' three children were emancipated at the time of the divorce.

{¶3} The divorce decree incorporated the parties' separation agreement. Under the decree, Husband assumed spousal support consisting of (1) "Level One" support of $7,000 per month and (2) "Level Two" support of "fifty percent (50%) of the gross amount of all compensation * * * over and above [Husband's] base compensation * * * by way of bonus."

{¶4} Among other things, the decree also: (1) granted Wife a judgment regarding a 2008 bonus Husband had received from his then-employer; (2) granted Wife a judgment on temporary support arrearages; (3) established Husband's obligation to pay certain taxes; (4) required Husband to make certain vehicle lease payments; (5) required Husband to make payments due on the first mortgage on the marital residence; (6) required Wife to make payments due on the second mortgage on the marital residence; (7) obligated the parties to divide the cost of expenses for major maintenance and repair of the marital residence; (8) granted Wife the right to live in the marital residence; and (9) required Wife to pay for routine maintenance, taxes, insurance, assessments, and utilities for the marital residence.

{¶5} Husband immediately began to default on his obligations under the decree. Wife filed a motion for contempt in March 2009 dealing with, inter alia, Husband's failure to pay Level One spousal support. Husband filed a motion to decrease support, citing an annual reduction in base pay from $205,000 to $185,000. The parties resolved these motions in an agreed judgment entry dated February 4, 2010.

{¶6} The February 4, 2010 judgment entry, among other things, retained Level One spousal support at $7,000 per month. The judgment entry also granted Wife a judgment of $24,398. Of that $24,398, $16,404 was based on past due Level One support and Husband's failure to meet his obligations related to: the 2008 bonus; temporary spousal support arrearages; and driveway repairs.

{¶7} The parties continued to have financial disputes under the decree and also the February 4, 2010 agreed judgment entry. They filed several motions:

    (1)    Wife's motion for contempt (March 2010);

    (2)    Husband's motion to terminate or reduce spousal support (April 2010); and

(3)     Husband's motion for contempt (July 2010).

{¶8}     A magistrate held a hearing on the motions during three days in March, April, and July 2011.  The parties filed briefs in lieu of closing arguments.  The magistrate issued a decision on January 5, 2012.  The trial court adopted the magistrate's decision in a judgment entry on the same date.  The court:

(1)     found Husband "in contempt of court for his failure to pay support, maintenance/repairs, taxes, and [make] payments on the judgment ordered," sentenced Husband to 30 days in jail suspended on conditions, and awarded attorney's fees to wife;

(2)     denied Husband's motion to terminate or reduce spousal support; and

(3)     denied Husband's motion for contempt.

{¶9}     Husband filed objections to the magistrate's decision.  He filed a supplemental memorandum in accordance with local rules.

{¶10}   The trial court overruled most of Husband's objections on February 23, 2015, but sustained two objections that were remanded to the magistrate for hearing.  The parties resolved the remanded issues in a May 19, 2015 stipulated judgment entry, leaving undisturbed the trial court's earlier rulings on the other objected matters.

{¶11}   Taking into account the parties' May 19, 2015 stipulation resolving the remanded issues, the court found, among other things, that Husband "failed to pay the following obligations and/or amounts":  (1) $16,531.17 in spousal support for September 2009 through February 2011; (2) $8,610.98 due to Wife from Husband's 2009 bonus; (3) $4,350 in maintenance and repair items; and (4) $1,062.43 in State of Ohio taxes.  The court also found that Husband "failed to pay on the judgment" resulting in a "deficiency for the period of

September 2009 through February 2011 of $26,028.35 on the judgment previously granted of [$41,885] (i.e., paid $15,826.65 for the period of September 2009 through September 2010)." The "judgment previously granted of $41,885.00" appears to consist of a $17,457 judgment set forth in the divorce decree and the $24,398 judgment set forth in the February 4, 2010 agreed judgment entry.

{¶12} The May 19, 2015 judgment entry was a final appealable order. Husband timely appealed from the orders of January 5, 2012, February 23, 2015, and May 19, 2015. He raises five assignments of error for our review. We reorder his assignments of error to facilitate analysis.

II

Assignment of Error Number Four

THE TRIAL COURT ERRED IN DETERMINING THAT IT LACKED JURISDICTION TO MODIFY SPOUSAL SUPPORT BASED UPON NO SUBSTANTIAL CHANGE OF CIRCUMSTANCES.

{¶13} In his forth assignment of error, Husband argues that the trial court erred in determining that it did not have jurisdiction to modify spousal support. We disagree.

{¶14} Husband requested modification of his spousal support obligation during a brief period of unemployment in 2010. Husband's employer, Lenovo, terminated him on April 30, 2010. Husband began working in a new position with Abbott Labs on June 28, 2010, less than two months after being terminated from Lenovo. Husband voluntarily resigned from Abbott Labs less than three months after taking that position to accept a new, higher-paying position with Loral Space Systems ("Loral").

{¶15} Husband earned a base salary of $185,000 at Lenovo before he was terminated at the end of April. When he was terminated he received $14,230.77 for severance pay and

$3,557.69 for vacation pay. Less than two months after his termination, Husband earned the same annual base pay of $185,000 in his new position at Abbott Labs. When Husband resigned from Abbott Labs three months later and began in the position at Loral, he received a $20,000 hiring bonus. Beginning in September 2010 through the date of the hearing, Husband earned an annual base pay of $200,000, which is $15,000 more than he had been earning at both Lenovo and Abbott Labs.

{¶16} Husband sought a spousal support modification for the month of June 2010 during which he did not receive any income. To the extent Husband asserts on appeal that he is also entitled to a modification for May 2010, we find that he waived any claim for a modification during May. Husband's counsel conceded at hearing that any modification would be appropriate for June 2010 only, stating that "we're willing to accept that there's probably only one month that he's entitled to a modification."

{¶17} The trial court held that it lacked jurisdiction to consider a modification of spousal support due to the lack of a substantial change in circumstances. The court found that Husband "was paid substantially the same income [during] the time frame of his motion to modify his support obligation" considering Husband's base salary at each of his employers, his severance pay from Lenovo, and his hiring bonus from Loral.

{¶18} We review de novo a trial court's decision regarding its jurisdiction to modify support obligations. *Smith v. Smith*, 9th Dist. Summit No. 21204, 2003-Ohio-1478, ¶ 10, citing *McClure v. McClure*, 119 Ohio App.3d 76, 79 (4th Dist.1997). Thus, we conduct a plenary review of the record to determine whether the trial court possessed jurisdiction in this matter.

{¶19} The Supreme Court of Ohio has declared that trial courts only have jurisdiction to modify a spousal support award when the divorce decree "expressly reserved jurisdiction to

make the modification" and the trial court "finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph two of the syllabus. "Substantial" in the context of a spousal support modification proceeding has been described as "drastic * * * material, * * * and significant." *Id.* at ¶ 32. Only if the court determines that there was a substantial change that was not contemplated at the time of the original decree may the court consider whether the support order should be modified in accordance with R.C. 3105.18.

{¶20} Husband did not sustain his burden to show that he experienced the substantial change in circumstances necessary to establish the trial court's jurisdiction to consider a modification of his support obligation for June 2010. *See Manos v. Manos*, 9th Dist. Summit No. 27335, 2015-Ohio-2932, ¶ 14 (the party requesting a modification of spousal support has the burden of establishing the need for a modification), citing *Tremaine v. Tremaine*, 111 Ohio App.3d 703, 706 (2d Dist.1996). Even disregarding Husband's severance pay from Lenovo, which was a basis for Husband's admission at hearing that he is not entitled to a support modification for May 2010, Husband's $20,000 signing bonus from Loral in September is more than the $15,417 gross pay Husband lost during the month of June when he was unemployed ($185,000 [salary at Lenovo]/12 = $15,417). Additionally, beginning with his September 2010 employment with Loral, Husband's gross monthly pay increased by approximately $1,250 per month over what Husband earned at Lenovo at the time he promised to pay $7,000 each month in Level One spousal support ($200,000 [salary at Loral]/12 - $15,417 [monthly gross pay at Lenovo] = $1,250). Given the $20,000 bonus and the additional income that Husband received from Loral close in time to the only month for which he seeks a modification of spousal support,

we cannot find that Husband presented a change of circumstances that should be regarded as "drastic * * * material, * * * and significant." *See Manelbaum* at ¶ 32.

**{¶21}** We also find that Husband has not met his burden to show that a one month period of unemployment was not contemplated at the time the Level One support obligation was established. At hearing, Husband testified regarding the relevant job market when he agreed to pay $7,000 monthly in Level One spousal support. He testified, "The market for employment has been very difficult since 2008. Everyone knows that. Companies have been laying off." Given Husband's knowledge that "[c]ompanies have been laying off," we cannot find that Husband met his burden to show that he did not contemplate even a brief period of unemployment when he stipulated to the support obligation.

**{¶22}** We conclude that Husband did not meet his burden to show that his unemployment during June 2010 was a substantial change in circumstances that was not contemplated when he agreed to pay $7,000 monthly in Level One spousal support. On this basis, we determine that the trial court did not err in finding that it lacked jurisdiction to modify spousal support. Accordingly, Husband's fourth assignment of error is overruled.

Assignment of Error Number Five

THE TRIAL COURT ERRED IN ITS APPLICATION OF THE DOCTRINE OF "UNCLEAN HANDS" AS A BAR TO HUSBAND'S MOTION TO MODIFY SPOUSAL SUPPORT.

**{¶23}** Husband argues in his fifth assignment of error that the trial court erred in applying the doctrine of "unclean hands" as a basis for denying Husband's motion to modify spousal support. We disagree.

**{¶24}** As an initial matter, it is not clear that the trial court in fact used the equitable doctrine of "unclean hands" as a basis to deny Husband's motion to modify spousal support.

Instead, the magistrate's reference to "clean hands" appears to have been in response to Husband's complaints about his financial hardships. For example, Husband complained throughout the hearing that certain income that he was to receive was being captured by the Child Support Enforcement Agency, at times leaving nothing for himself. We agree with Wife's assessment that "[i]t appears that at least with respect to her spousal support determination, the [m]agistrate's [d]ecision [as adopted by the trial court] was stating that the trial court would not recognize [Husband's] claimed 'hardships' that were occurring precisely because [Husband] had historically skirted his obligations under the divorce decree and prior orders." We also agree that "[t]here is nothing remarkable in such an analysis." *See Schaaf v. Schaaf*, 9th Dist. Medina No. 05CA0060-M, 2006-Ohio-2983, ¶ 34 ("[T]his Court is hard pressed to see how, outside of his poor credit and indebtedness due largely to his own failure to pay support payments, [former husband] is in such dire financial straits to warrant termination of his support obligation.")

{¶25} Even if we assume for argument's sake that the trial court misapplied the doctrine of unclean hands, the error was harmless. *See* Civ.R. 61. We have found that the trial court properly determined that it did not have jurisdiction to modify Husband's spousal support obligation. Accordingly, any error by the trial court with respect to an alternative reason for denying Husband's motion to modify spousal support would not affect the court's judgment. Husband's fifth assignment of error is therefore overruled.

Assignment of Error Number Three

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FINDING HUSBAND IN CONTEMPT FOR FAILURE TO PAY ON THE JUDGMENT PREVIOUSLY [ISSUED] AND BASED UPON ERRORS OF FACT IN THE SUPPORTING FINDINGS.

{¶26} In his third assignment of error, Husband argues that the trial court erred as a matter of law and also abused its discretion in finding Husband in contempt for willful failure to

pay spousal support and on the judgment previously granted, and for repairs and taxes. We disagree.

**{¶27}** In his opening appellate brief, Husband argued that the trial court's contempt finding constituted legal error to the extent it was based on failure to pay on arrearages "which had been previously reduced to judgment." Husband asserted that the court was "constitutionally barred" by Section 15, Article I of the Ohio Constitution from invoking its contempt powers "once an arrearage [was] reduced to judgment." However, in his reply brief, Husband recognized that this Court has held that it is constitutionally permissible for a trial court to use contempt sanctions to enforce a judgment for spousal support arrearages. In *Collette v. Baxter*, 9th Dist. Summit No. 25821, 2012-Ohio 1333, we noted that lump-sum judgments for spousal support arrearages are not "in the nature of ordinary money judgments or business debt" that are subject to the proscriptions of Section 15, Article I of the Ohio Constitution. *Id.* at ¶ 10. Accordingly, Husband's assertion that the court's contempt judgment constituted legal error is not well-taken.

**{¶28}** Husband also argues on appeal that the trial court abused its discretion in holding Husband in contempt for defaulting on his court-ordered obligations. We review a trial court's contempt finding for an abuse of discretion. *Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 47. An appellate court will not reverse a finding of contempt unless the trial court's decision was unreasonable, arbitrary, or unconscionable. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983) (defining abuse of discretion).

**{¶29}** Contrary to Husband's claim, the record is replete with evidence that Husband willfully defaulted on his obligations under both the decree and the February 4, 2010 agreed judgment entry. Husband stipulated that he had "failed to pay on the judgment [under the decree

and February 4, 2010 entry] and there exists a deficiency of $26,028.35 on the judgment previously granted of $41,885.00 (i.e., paid $15,826.65 for the period of September 2009 through September 2010)." Husband also stipulated that he failed to pay $4,350 of maintenance and repair items. Moreover, Husband did not pay his obligations toward state taxes under the decree, and did not present any evidence that the obligation was discharged by agreement of the parties. Further, as we discuss below in connection with Husband's first assignment of error, Husband did not pay Wife her full share of 2009 bonus payments that he received as Level Two spousal support under the decree.

**{¶30}** The record also demonstratively shows that Husband's failure to meet his obligations to Wife was without justification, as he was able to maintain an affluent lifestyle during the same period of time that he did not meet his obligations under the decree and February 4, 2010 agreed entry. Among other things, Husband: paid more than $1,300 a month in car payments for himself and his new wife; vacationed in Mexico during June 2010 (the same month during which Husband was unemployed and for which he sought a modification of spousal support); and enjoyed a gym membership at a cost of approximately $500 a month.

**{¶31}** Additionally, Husband failed to notify the trial court or Wife of his change of address. He used his parents' El Paso, Texas address on court filings into 2010, even though he had been living with his new wife in Sausalito, California since March 2009. Husband testified that his parents only rarely (if ever) forwarded mail. Husband refused to permit his legal counsel to accept service of process on his behalf. As a result, Wife experienced considerable difficulty and incurred significant expense in achieving personal service on Husband of her motion for contempt while trying to enforce her rights under the trial court's orders.

**{¶32}** Under these circumstances, there is no basis to conclude that the trial court's contempt ruling was "unreasonable, arbitrary or unconscionable." *Blakemore,* 5 Ohio St.3d at 219. Therefore, we find that the trial court did not abuse its discretion in finding Husband in contempt.

**{¶33}** We conclude that the trial court's finding of contempt was neither an error of law nor an abuse of discretion. On this basis, Husband's third assignment of error is overruled.

Assignment of Error Number One

THE TRIAL COURT'S DETERMINATION OF THE AMOUNT OF HUSBAND'S 2009 BONUS WAS CONTRARY TO THE LANGUAGE OF THE DECREE, INCONSISTENT WITH THE AGREED ORDER OF FEBRUARY 4, 2010, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶34}** In his first assignment of error, Husband claims that the trial court erred in determining the amount of his 2009 bonus to be paid as Level Two support. He argues that (1) certain payments he received from his employer did not constitute "the gross amount of all compensation Husband receives, over and above his base compensation * * * by way of bonus" within the meaning of the decree, and (2) any arrearage arising from a failure to pay Wife amounts due to her from the 2009 bonus was resolved under the February 4, 2010 agreed judgment. We disagree.

**{¶35}** The decree and February 4, 2010 order provide for both Level One and Level Two spousal support. Husband agreed to "pay * * * for Level One [s]pousal [s]upport the sum of [$7,000] per month * * * and for Level Two [s]pousal [s]upport, fifty percent (50%) of the gross amount of all compensation Husband receives, over and above his base compensation * * * by way of bonus."

**{¶36}** Having conducted a de novo review, we find that the definition of Level Two spousal support is ambiguous and reasonably subject to more than one interpretation with respect to the term "by way of bonus." *See Erwin v. Erwin*, 9th Dist. Wayne No. 13CA0009, 2014-Ohio-874, ¶ 14 ("whether a contract is ambiguous is a question of law that this Court reviews de novo"). Husband believes that only compensation that his employer awarded as a merit bonus "based upon production or earnings" is subject to Level Two spousal support. He argues that the trial court "improperly reclassified" a cost of living allowance, hardship allowance, moving reimbursement, and non-tax cash adjustment as amounts paid to him "by way of bonus" in 2009 when they were really reimbursements. Wife, on the other hand, argues that a bonus includes any money or an equivalent given in addition to base compensation, and therefore is not limited to a merit bonus. She claims that none of the amounts that the trial court included in Husband's 2009 Level Two spousal support as payments "by way of bonus" were direct expense reimbursements, but were instead taxable income paid to Husband in excess of his base salary. Both Husband and Wife advance reasonable interpretations of the meaning of the phrase "by way of bonus" resulting in ambiguity that cannot be resolved within the four corners of the parties' agreements.

**{¶37}** "Whenever a clause in a separation agreement is deemed to be ambiguous, it is the responsibility of the trial court to interpret it." *In re Marriage of Seders*, 42 Ohio App.3d 155, 156 (9th Dist.1987). The trial court "has the power to hear the matter, clarify the confusion, and resolve the dispute." *She v. Huang*, 10th Dist. Franklin No. 98AP-153, 1998 WL 655409, *1 (Sept. 22, 1998), citing *Seders* at 157. "The trial court has broad discretion in clarifying ambiguous language [in a separation agreement] by considering not only the intent of the parties but the equities involved." *Musci v. Musci*, 9th Dist. Summit No. 23088, 2006-Ohio-5882, ¶ 42.

Therefore, "[a]bsent a showing of an abuse of discretion, an interpretive decision by the trial court cannot be disturbed upon appeal." *Musci* at ¶ 42, citing *Blakemore*, 5 Ohio St.3d at 219.

{¶38} Here, the trial court did not abuse its discretion in adopting Wife's interpretation of the phrase "by way of bonus" when determining the amount of Husband's 2009 bonus to be classified as Level Two spousal support. The trial court had the benefit of the transcript of the magistrate's three-day hearing, the magistrate's report, Husband's objections and briefing in support, and Wife's response. After reviewing the record that was before the trial court, we cannot say that the trial court's ruling was unreasonable, arbitrary, or unconscionable in light of the parties' intent and the equities.

{¶39} Further, the court did not abuse its discretion in determining that the February 4, 2010 agreed judgment entry did not resolve all 2009 Level Two spousal support arrearages. The agreed judgment entry provided that "[w]ith said judgment, [Husband's] spousal support obligation shall be deemed current * * *." The order was ambiguous in that it did not define "spousal support obligation" to include Level One support, Level Two support, or both. The trial court thus had broad discretion to resolve any disputes over the meaning of its own entry. *See Musci* at ¶ 42; *Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 8 (the trial court may resolve any good faith confusion pertaining to an ambiguous clause of its own order). The February 4, 2010 entry addressed a motion for contempt filed by Wife in March 2009 that involved, inter alia, Husband's failure to pay Level One spousal support. The motion for contempt did not raise issues related to Level Two spousal support. Thus, the trial court did not act in an unreasonable, arbitrary, or unconscionable manner in resolving that the February 4, 2010 order was not designed to relieve Husband of any portion of his 2009 Level Two spousal support obligation.

**{¶40}** We conclude that the trial court did not abuse its discretion in determining the amount of Husband's 2009 bonus to be paid as Level Two support under the parties' separation agreement. Accordingly, Husband's first assignment of error is overruled.

<u>Assignment of Error Number Two</u>

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CREDIT HUSBAND WITH A GARNISHMENT OF $5,300 RELEASED BY THE COURT'S ORDER OF MARCH 22, 2011.

**{¶41}** In his second assignment of error, Husband argues that the trial court abused its discretion when it failed to credit Husband with a garnishment of $5,300. We agree.

**{¶42}** On the first day of the three-day hearing before the magistrate, the parties stipulated that Husband's support arrearages totaled $10,031.17. Later that same month, but before the second and third days of the hearing, the trial court issued a judgment entry releasing $5,300 from escrow to be applied toward Husband's arrearages.

**{¶43}** During a subsequent day of hearing, the trial court restated Husband's stipulated arrearages to be $16,531.17 based on the court's treatment of a $6,500 amount from 2010. Neither party objected at the hearing.

**{¶44}** The trial court used the $16,531.17 figure for Husband's arrearages in its judgment entry. It is undisputed that this amount does not take into account the $5,300 that eventually was released from escrow. It is also undisputed that Husband never received credit for the $5,300.

**{¶45}** Wife argues that that the doctrine of invited error bars Husband from alleging error based on the court's failure to credit him for the $5,300. The invited error doctrine provides that a party may not "'take advantage of an error which he himself invited or induced the trial court to make.'" *State v. Carswell*, 9th Dist. Summit No. 23119, 2006-Ohio-5210, ¶ 21,

quoting *State ex rel Bitter v. Missig*, 72 Ohio St.3d 249, 254 (1995). The doctrine requires "more than mere 'acquiescence in the * * * erroneous conclusion.'" *State v. Campbell*, 90 Ohio St.3d 320, 324 (2000), quoting *Carrothers v. Hunter*, 23 Ohio St.2d 99, 103 (1970). The appellant must have been "'actively responsible'" for the error or the doctrine does not apply. *Campbell* at 324, quoting *State v. Kollar*, 93 Ohio St. 89, 91 (1915).

{¶46} Here, the trial court restated Husband's stipulated arrearages as $16,531.17 without giving him credit for the $5,300 released from escrow. There is nothing in the record to suggest that Husband induced the court's error. Rather, the record indicates that Husband merely acquiesced in the court's erroneous restatement of the stipulated arrearages at the hearing when he failed to object. Husband withdrew his temporary acquiescence when he filed his written objections and argued that the trial court erred in failing to give him credit for the $5,300. Under these circumstances, the doctrine of invited error does not apply.

{¶47} Wife also argues that the court's error is harmless because the court erroneously "also gave [Husband] credit twice for the same $6,500 payment he made to [Wife]" with the result that Husband received "substantial justice" even without the credit and "ultimately received a result that is more favorable than what he would have received had the trial court engaged in errorless fact finding." (Emphasis deleted.) We decline, however, to analyze alleged errors in the trial record that Wife did not raise in the proceedings below.

{¶48} We find that the trial court acted unreasonably in failing to credit Husband with the $5,300 released from escrow. We therefore remand this matter exclusively for the limited purpose of applying the $5,300 to Husband's arrearages. In so doing, we reject Husband's alternative argument that he should be allowed to "withdraw the stipulation based upon subsequent events [i.e., the release of the $5,300 from escrow]." Husband never moved the trial

court to withdraw his stipulation, and he did not argue in his written objections that he should have been permitted to withdraw his stipulation. Accordingly, Husband has abandoned his right to pursue such an argument on appeal. *See Wilburn v. Wilburn*, 9th Dist. Lorain No. 05CA008798, 2006-Ohio-5820, ¶ 32 (in general, an objection must be timely raised to the trial court or it is waived for purposes of appeal).

{¶49} The trial court abused its discretion in failing to give Husband credit for $5,300 released from escrow. For this reason, Husband's second assignment of error is sustained.

III

{¶50} Husband's first, third, fourth, and fifth assignments of error are overruled. Husband's second assignment of error is sustained. The judgment of the Summit County Domestic Relations Court is affirmed in part, and reversed in part. This matter is remanded to the trial court for further action consistent with this opinion.

Judgment affirmed in part,
reversed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
BETH WHITMORE
FOR THE COURT

CELEBREZZE, J.
CONCURS.

MOORE, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶51} I concur in the majority's decision except for the discussion and disposition of the second assignment of error. I agree that Husband's second assignment of error is not properly overruled on the basis of invited error, especially in light of his specific objection to the magistrate's decision in which he argued that he was not credited with the $5300 disbursement. *Buttolph v. Buttolph*, 9th Dist. Wayne No. 09CA0003, 2009-Ohio-6909, ¶ 21 ("We do not see how Father 'invited or induced' the trial court to exclude the annuity when he in fact objected to the magistrate's decision which did not include it."). However, I disagree that the trial court was unreasonable in overruling his objection. The trial court concluded that the record supported the magistrate's finding and order, and that Husband could not assert new arguments "to support his assertion of what the original stipulation meant." *See* Civ.R. 53(D)(4)(d) (Before ruling on objections, "the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate."). Moreover, the trial court relied, in part, on an

exhibit (plaintiff's exhibit 21) pertaining to the stipulation, which was not included with the record on appeal. *State v. Vu*, 9th Dist. Medina No. 11CA0042-M, 2012-Ohio-746, ¶ 27 ("It is an appellant's burden to ensure that the record is complete on appeal."). Because I cannot conclude that the trial court acted unreasonably in its judgment, I would overrule Husband's second assignment of error.

(Celebrezze J., of the Eighth District Court of Appeals, sitting by assignment.)


APPEARANCES:

SHARYL L. GINTHER and KENNETH L. GIBSON, Attorneys at Law, for Appellant.

LISA CAREY DEAN and TODD ANTHONY MAZZOLA, Attorneys at Law, for Appellee.