[Cite as *James v. Esterle*, 2017-Ohio-8621.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

KATHRYN JAMES

    Appellant

    v.

DANIEL ESTERLE

    Appellee

C.A. No.    16CA010988

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    D00014812

DECISION AND JOURNAL ENTRY

Dated: November 20, 2017

---

TEODOSIO, Judge.

{¶1}    The Lorain County Child Support Enforcement Agency ("CSEA") appeals the judgment entry of the Lorain County Court of Common Pleas, Domestic Relations Division, rejecting the magistrate's decision, dismissing the motion to show cause, and finding the trial court was without jurisdiction to hold Daniel Esterle in contempt for failure to pay on a lump-sum judgment. We reverse and remand.

I.

{¶2}    In April 2006, a magistrate's decision, which was adopted by the trial court in July 2006, reduced to a lump-sum judgment Mr. Esterle's unpaid child support arrearages in the amount of $35,522.09. The State of Ohio filed a motion in contempt against Mr. Esterle for his failure to pay child support, and in December 2015, a magistrate's decision found Mr. Esterle in contempt and sentenced him to 90 days in jail. The trial court conducted a hearing on Mr. Esterle's objection to the magistrate's decision, and in June 2016, entered a judgment rejecting

the magistrate's decision and dismissing the contempt proceedings. The CSEA now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRORED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE MOTION IN CONTEMPT FOR FAILURE TO PAY CHILD SUPPORT AGAINST DEFENDANT, DANIEL ESTERLE.

{¶3} The CSEA argues the trial court erred in dismissing the contempt proceedings against Mr. Esterle. We agree.

{¶4} The CSEA contends the trial court incorrectly applied Article I, Section 15, of the Ohio Constitution, which prohibits a court from imprisoning a person for a debt in a civil action, to the lump-sum judgment against Mr. Esterle. "[W]hether the trial court made an error as a matter of law in applying the incorrect legal standard is a question that we review de novo." *State v. Moss*, 9th Dist. Summit No. 24511, 2009-Ohio-3866, ¶ 8. "When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate." *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, ¶ 13. Therefore, this is not a review of a trial court's finding in a contempt action that would be reviewed for an abuse of discretion. *See Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 47.

{¶5} The trial court found that because the child support arrearages were reduced to a lump-sum judgment, and no further arrears had accumulated since that judgment, it was a civil debt for which imprisonment is prohibited under Article I, Section 15, of the Ohio Constitution, which provides: "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud." In its analysis, the trial court stated that the Supreme Court of

Ohio's holding in *Young v. Young*, 70 Ohio St.3d 679 (1994), which was based upon the authority of *Cramer v. Petrie*, 70 Ohio St.3d 131 (1994), was "narrower than it appears," and "upholds the use of imprisonment for contempt to enforce only those child support arrearages that have not been reduced to a lump sum judgment." In support of this proposition, the trial court relied upon *Sizemore v. Sizemore*, 12th Dist. Warren No. CA2009-04-045, 2010-Ohio-1525.

{¶6} The trial court's interpretation of the case law is not supported by this Court's prior application of *Young*. As was noted by the concurring opinion in *Collette v. Baxter*, the trial court in *Young* granted a motion to have a child support arrearage reduced to a lump-sum judgment. *Collette v. Baxter*, 9th Dist. Summit No. 25821, 2012-Ohio-1333, ¶ 24 (Dickinson, J., concurring), citing *Young v. Young*, 2d Dist. Miami No. 93 CA 10, 1994 Ohio App. LEXIS 1750 (April 20, 1994). Mrs. Young later moved to hold Mr. Young in contempt for his failure to pay the judgment, and the trial court granted her motion and found Mr. Young in contempt. *Id.* The Second District reversed, reasoning that because the arrearage had been reduced to a lump-sum judgment, it had been converted to a civil judgment, which is a debt for which there is a constitutional prohibition against imprisonment. *Id.* The Second District concluded the trial court therefore lacked authority to hold Mr. Young in contempt for his failure to pay the lump-sum judgment. *Id.* "The Ohio Supreme Court reversed the Second District's decision * * * and reinstated the trial court's decision on the authority of *Cramer*. Accordingly, regardless of its form, a parent's obligation to pay child support is not a debt under Article I[,] Section 15 of the Ohio Constitution and a parent may initiate a contempt action under Section 2705.03.1 to enforce the judgment or order." (Citation omitted.) *Id.* The trial court's reliance on *Sizemore* is also misplaced, as the majority opinion in *Collette* was explicit in its disagreement with the Twelfth

District in *Sizemore*, which had held that it was unconstitutional to imprison for failure to pay a lump-sum obligation. *Sizemor*e at ¶ 10.

**{¶7}** We applied our analysis in *Collette* to *Alvarez v. Alvarez*, 9th Dist. Summit No. 27821, 2016-Ohio-3432. In *Alvarez*, the appellant contended that the trial court erred in finding him in contempt for his failure to pay spousal support arrearages which had been reduced to judgment, arguing that it was constitutionally barred from doing so by Article I, Section 15 of the Ohio Constitution. *Id*. at ¶ 27. This Court disagreed based upon our decision in *Collette*, and noted "lump-sum judgments for spousal support arrearages are not 'in the nature of ordinary money judgments or business debt' that are subject to the proscriptions of [Article I, Section 15] of the Ohio Constitution." *Id*., quoting *Collette* at ¶ 10.

**{¶8}** Mr. Esterle has not shown us reason to depart from our precedent in *Collette* and *Alvarez*. We conclude that the judgment at issue is not a debt subject to the proscriptions of Article I, Section 15 of the Ohio Constitution, and therefore a contempt action for failure to pay is not prohibited. The trial court erred in dismissing the contempt action against Mr. Esterle and in finding that it was without jurisdiction to hold Daniel Esterle in contempt for failure to pay on a lump-sum judgment. The CSEA's assignment of error is sustained.

### III.

**{¶9}** The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶10} I concur in the majority's judgment solely on the basis of this Court's precedent in *Alvarez v. Alvarez,* 9th Dist. Summit No. 27821, 2016-Ohio-3432, and *Collette v. Baxter*, 9th Dist. Summit No. 25821, 2012-Ohio-1333.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and JENNIFER GOUDALL, Assistant Prosecuting Attorney, for Appellant.

BRANDON OLIVER, Attorney at Law, for Appellee.