[Cite as *Brown v. Farley*, 2018-Ohio-2543.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BENJAMIN BROWN

     Appellant

     v.

SARAH FARLEY

     Appellee

C.A. No.     28710

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2007-05-1760

DECISION AND JOURNAL ENTRY

Dated: June 29, 2018

---

CARR, Judge.

{¶1} Appellant, Benjamin Brown ("Father"), appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} This matter stems out of a dispute over child support arrearages. Father and S.F. ("Mother") had a child together but were never married. Father was first ordered to pay child support for their daughter, I.F., under a civil protection order that was issued in 2006. Thereafter, Father filed a complaint to establish parentage and he was ordered to make monthly child support payments. The child support order was terminated in 2015 upon I.F.'s emancipation.

{¶3} On January 11, 2017, Mother filed a motion for a lump sum judgment relating to child support arrearages. The matter proceeded to a hearing before a magistrate. The magistrate issued a decision noting that Father did not dispute that he was in arrears and ordering a lump

sum judgment in favor of Mother. The magistrate further ordered Father to pay off the lump sum judgment in monthly installments. The trial court adopted the magistrate's decision and granted a lump sum judgment of $6,616.08. The trial court further ordered that, "[e]ffective January 1, 2017, [Father] shall pay $165.00 per month, plus a 2% processing fee."

{¶4} Father filed timely objections to the magistrate's decision, arguing that the monthly payment schedule was improper because it exposed him to the trial court's contempt powers. Father further objected on the basis that the magistrate ordered monthly payments without conducting an inquiry or accepting evidence regarding Father's current financial situation. The trial court overruled Father's objections.

{¶5} On appeal, Brown raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN SETTING A PAYMENT SCHEDULE IN GRANTING JUDGMENT AGAINST APPELLANT FOR UNPAID CHILD SUPPORT ARREARAGES[.]

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN SETTING A PAYMENT OF $165.00 PER MONTH ON CHILD SUPPORT ARREARAGES[.]

{¶6} Father raises two assignments of error challenging the trial court's judgment entry ordering him to make monthly payments. In his first assignment of error, Father contends that the trial court erred by ordering monthly payments and thereby subjecting him to the contempt powers of the court. In his second assignment of error, Father contends that the trial court abused its discretion by setting the monthly payments at $165.00 per month because there was not a sufficient inquiry into whether he could afford monthly payments at that amount.

## Payment Schedule

{¶7}     Father does not dispute on appeal that Mother was entitled to receive a lump sum judgment for the outstanding child support arrearages.  Instead, Father contends that the monthly payment schedule set forth in the trial court's judgment entry violates Article 1, Section 15 of the Ohio Constitution because it subjects him to possible jail time under the trial court's contempt powers.  Father asks this Court to vacate the portion of the judgment entry that ordered monthly payments.

{¶8}     An appellate court reviews a trial court's legal conclusions under a de novo standard of review.  *See Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, ¶ 13. When reviewing a matter de novo, this court does not give deference to the trial court's decision.  *See Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, ¶ 11 (9th Dist.).

{¶9}     Father's argument that the monthly payment schedule is unconstitutional because it exposes him to possible contempt sanctions is without merit.  Article I, Section 15 of the Ohio Constitution states that "[n]o person shall be imprisoned for a debt in any civil action, on mesne of final process, unless in cases of fraud."  Generally speaking, an obligation to pay child support is considered an obligation to society that arises by operation of law and does not fall within the meaning of "debt" as contemplated by Article I, Section 15 of the Ohio Constitution.  *Cramer v. Petrie*, 70 Ohio St.3d 131, 135 (1994).  Father suggests that a child support obligation becomes a civil debt when it is reduced to a lump sum judgment.  This Court recently decided *James v. Esterle*, 9th Dist. Lorain No. 16CA010988, 2017-Ohio-8621, wherein we held that a contempt action for failure to pay a lump sum judgment for child support arrearages did not violate Article I, Section 15 of the Ohio Constitution.  *Id*. at ¶ 8.  *Esterle* involved a scenario where a magistrate

issued a decision finding the obligor in contempt and sentencing him to 90 days in jail for failure to pay a lump sum judgment for child support arrearages. *Id*. at ¶ 2. The trial court rejected the magistrate's decision and dismissed the contempt proceedings on the basis that the judgment constituted a civil debt for which imprisonment is prohibited under Article 1, Section 15 of the Ohio Constitution. On appeal, this Court reversed the trial court's order, concluding that "the judgment at issue is not a debt subject to the proscriptions of Article 1, Section 15 of the Ohio Constitution, and therefore a contempt action for failure to pay is not prohibited." *Id*. at ¶ 8.

{¶10} Here, the trial court entered a lump sum judgment against Father in the amount of $6,616.08. As noted in *Esterle*, the judgment pertaining to child support arrearages did not constitute a civil debt governed by Article 1, Section 15 of the Ohio Constitution. *Id*. Moreover, while Father contends that the trial court's contempt powers were triggered when it ordered monthly payments on the child support arrearages, we note that Father would still be subject to the trial court's contempt powers for failure to pay off the lump sum judgment, regardless of whether the trial court ordered monthly payments. *See id*. It follows that Father's first assignment of error is overruled.

## Amount of Payments

{¶11} Father offers a very succinct argument in support of his second assignment of error in his merit brief. Father contends that this matter must be remanded for the trial court to consider evidence regarding his financial ability to afford the $165 month payments.

{¶12} A review of the hearing transcript reveals that the magistrate engaged in an extensive dialogue with Father regarding his financial situation. When Father indicated that he was struggling financially, the magistrate inquired as to what amount Father was capable of paying on a monthly basis. Father insisted that he was in dire financial circumstances and that he

could only afford $20 per month. The magistrate expressed concerns that it would take an unreasonably long period of time to pay back the child support arrearages with such low monthly payments. The magistrate further questioned whether Father might be voluntarily unemployed. Father stated that he was just starting to get his life back together after taking time to care for his ailing father, who had recently passed away. During the exchange with the magistrate, Father noted that he had a job delivering mattresses for Mattress Warehouse, though he stressed that he had not worked for three weeks prior to the hearing. When Mother suggested that Father owned a business, Father acknowledged that he owned a carpet business that he was "trying to get * * * off the ground[.]" Father further acknowledged that he lived with his girlfriend and that he did not have a mortgage payment because they paid cash for the home. After this exchange, the magistrate noted that while $165 was not a particularly high monthly payment, Father would likely need to find a job in order to make the payments. Under these circumstances, Father cannot prevail on his argument that the trial court failed to conduct a sufficient inquiry into his financial ability to make the monthly payments. The second assignment of error is overruled.

III.

{¶13} Father's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

BENJAMIN BROWN, pro se, Appellant.

SARAH FARLEY, pro se, Appellee.